### THE STATE *v.* JOSEPH WALKER.

Article IV. Sec. 19 of the Constitution authorizing the Legislature to establish Special Courts in cities and towns, is confined to misdemeanors. The Legislature declared that larceny of less value than twenty-five dollars should be a misdemeanor. (Act of 1869–'70, chap. 37.)

The effect of the repeal of the aforesaid act was to deprive the Special Court of the city of Wilmington of jurisdiction of larceny.

. Indictment for larceny tried before *Cantwell, J.,* of the Special Court for the city of Wilmington.

The evidence was that the defendant had committed larceny of value less than twenty-five dollars,—that it was committed within the corporate limits of the city of Wilmington, that complaint was made by the accused within six months from the commission of said offence, and without collusion between the accuser and the accused.

There was judgment against defendant from which he appealed.

*Attorney General* and *Cantwell*, for the State.
No counsel for the defendant.

PEARSON, C. J.   We do not feel at liberty to decide the question mainly discussed in the very elaborate and able argument of Judge Cantwell; that is, has the General Assembly power to abolish a Special Court established in pursuance of a provision of the Constitution?   For the reason that a preliminary question is decisive of the case, the Court will never go out of the way, and unnecessarily pass upon a power which the General Assembly has assumed to exercise.

"The General Assembly shall provide for the establishment of Special Courts, for the trials of misdemeanors in cities and towns, when the same may be necessary."   Constitution, Art. 4, Sec. 19.

Under this provision, a Special Court was established in the city of Wilmington, Acts of 1868.   But its jurisdiction could only extend to misdemeanors, and in order to embrace cases of larceny—by act 1869-'70, ch. 37—it is enacted, "That a larceny committed within the limits of the city of Wilmington, where the thing stolen is not of greater value than $25, shall be a misdemeanor, not a felony."

This act is repealed by act of 1871, and the effect is to exclude larceny from the jurisdiction of the Special Court.

There can be no question, that the General Assembly had the same power to repeal the act of 1869'-70, ch. 37, as to pass it.

It follows that the Special Court established for the city of Wilmington, has no longer any jurisdiction to try a person charged with the offence of larceny.

There is error.   This will be enforced, to the end, that the judgment of the Special Court be reversed and judgment be entered in favor of the defendant.